**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MEYERS LAW GROUP, P.C., a
professional corporation,

                 Plaintiff - Appellee,

v.

DIVERSIFIED REALTY SERVICES,
INC., a California corporation,

                 Defendant - Appellant.

No. 14-15397

D.C. Nos.   3:13-cv-03965-WHA
              3:13-cv-03966-WHA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted March 16, 2016
San Francisco, California

Before: FERNANDEZ, GOULD, and FRIEDLAND, Circuit Judges.

Diversified Realty Services, Inc. ("Diversified") appeals the district court's

judgment in favor of Meyers Law Group, P.C. ("Meyers"), which served as

bankruptcy counsel for Greg James Ventures, a car dealership that entered chapter

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

11 bankruptcy. Diversified provided financing to Greg James Ventures pursuant to a debtor-in-possession loan agreement. On February 24, 2012, Meyers filed an adversary proceeding in bankruptcy court alleging that Diversified breached a subordination clause in the loan agreement. According to Meyers, the subordination clause required Diversified to set aside three repayments it received from Greg James Ventures in January, February, and April 2008, for payment of Meyers's legal fees.

The bankruptcy court held on partial summary judgment that Diversified breached the subordination clause. After trial, it held that the four-year statute of limitations barred Meyers's claim to the January and February 2008 repayments. Meyers filed its complaint more than four years after Diversified's receipt of these repayments, which the bankruptcy court considered the date of the breach. The parties cross-appealed to the district court, which affirmed on the breach issue but found that the statute of limitations was not a bar to recovery because it did not start to run until April 30, 2008, the date when the bankruptcy court approved Meyers's fees. We affirm the district court's judgment.

The bankruptcy court and the district court both correctly determined that Diversified subordinated its lien to Meyers's fees and expenses. Section 2.13 of the loan agreement explicitly made Diversified's right to repayment subordinate to

-2-

the rights of professionals to be paid fees for their work on behalf of Greg James Ventures. The correspondence between Diversified and Meyers shows that the parties intended the subordination provision to give Meyers's fees and expenses priority over loan repayments. Diversified contends on appeal that the subordination clause was meant to apply only to collateral, not to repayments, but we reject this distinction. Nothing in the record suggests that the cash for the repayments was derived from anything other than sale of collateral, such as Greg James Ventures's cars. If Diversified's interpretation were correct, the subordination clause would be rendered a nullity: if Greg James Ventures sold all of its assets and used the cash to repay Diversified's loan, under Diversified's reading Diversified would keep all of the payments with nothing accruing to Meyers because the cash would be "repayments," not "collateral" per se. Although Diversified later re-advanced to Greg James Ventures the payments it received, that does not alter Meyers's priority over the loan repayments.

Another part of the loan agreement, section 2.14, stated that Diversified was not obligated to pay the fees and costs of counsel for Greg James Ventures. Both the bankruptcy court and the district court were correct that this section does not change Diversified's obligation to Meyers. Section 2.14 does not curtail Diversified's obligation to reimburse a beneficiary of the subordination clause,

even if the amount to be reimbursed represents attorneys' fees. As the district court concluded, this dispute "is an inter-creditor issue and not the shifting of attorneys' fees."

We also affirm the district court's conclusion that the statute of limitations began running on April 30, 2008, when the bankruptcy court approved Meyers's fees. The subordination clause requires that Diversified's lien be subordinated to prior payment of such fees and expenses of professionals retained by debtor Greg James Ventures "as are allowed by the Court." Meyers brought its adversary proceeding in February 2012, within four years of the breach. Meyers's recovery of the January and February 2008 repayments is not time-barred.

Meyers has changed its position on the timing of the breach over the course of this litigation. Meyers first contended that Diversified breached the agreement on the dates it received the repayments from Greg James Ventures; later it argued that the breach occurred only after the bankruptcy court approved its fees. However, that change in position does not preclude us from affirming. Despite what it contended at earlier stages of litigation, Meyers is correct that Diversified breached the loan agreement once the bankruptcy court approved Meyers's fees. Nor is Meyers judicially estopped from making this claim. The bankruptcy court's finding that Diversified breached the loan agreement was not contingent on the

breach happening before April 2008.  Meyers gained no unfair advantage, and Diversified suffered no unfair detriment, from Meyers's earlier contention.  *See Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 994 (9th Cir. 2012).

**AFFIRMED**.